UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| JOSEPH M. EARLE, ) | |
| ) | |
| ) | |
| v. ) | Criminal No. 04-75-B-W |
| ) | |
| ) | Civil No. 06-66-B-W |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |

## **RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION**

Joseph Earle is serving a seventy-seven month federal sentence for possession of a firearm by a prohibited person. Earle's judgment entered on April 27, 2005. A one-year period of limitation applies to 28 U.S.C. § 2255 motions which, in most instances, runs from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255 ¶ 6(1). Earle did not file a notice of appeal and his conviction became final on May 7, 2005, when the ten-day period for filing this notice elapsed. On May 19, 2006, Earle signed a letter to the sentencing judge requesting 28 U.S.C. § 2255 relief. The court received the letter on May 30, 2006, and I entered an order the next day informing Earle that if he wished to seek 28 U.S.C. § 2255 relief he would need to submit a properly prepared § 2255 motion, signed under oath and affirmed under penalty. Earle complied with this order.

With respect to the timeliness, in his § 2255 motion Earle cites Clay v. United States, 537 U.S. 522 (2003), apparently assuming that he is entitled to an extra ninety days for seeking certiorari review by the United States Supreme Court even though he never pursued a direct appeal to the First Circuit Court of Appeals. This is an erroneous

assumption. See Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005) ("We ... hold that, for purposes of § 2255 motions, an unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires."); Sanchez-Castellano v. United States, 358 F.3d 424, 428 (6th Cir. 2004) ("[A]n unappealed federal criminal judgment becomes final ten days after it is entered, for purposes of the § 2255 statute of limitations, at least where there has been no district court extension of appeal time for good cause or excusable neglect."); Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999) ("If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired."); accord United States v. Prows, 448 F.3d 1223, 1228 (10th Cir. 2006).

Earle has not replied to the United States' response to his § 2255 motion and, thus, he has made no argument that his ground for relief should be addressed under one of the other subsections of 28 U.S.C. § 2255 ¶ 6.

I recommend that the Court **DENY** Earle 28 U.S.C. § 2255 relief because, counting (most favorably to Earle) from May 19, 2006, the day Earle signed his initial 28 U.S.C. § 2255 letter to the Court, his motion is untimely.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

       Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

October 11, 2006.

                                          /s/Margaret J. Kravchuk
                                          U.S. Magistrate Judge